MOTION.

Case 102.

April 30.

## Hoskins *vs* Cox.

APPEAL FROM THE BOONE CIRCUIT.

*Forcible entry. Possession. Instructions.*

JUDGE MARSHALL delivered the Opinion of the Court.

THE jury in the country having found the defendant guilty of a forcible detainer only, the issue in the Circuit Court, upon the traverse of the inquisition, was confined to the question whether the defendant was guilty of a forcible detainer, and there being no evidence whatever of a forcible detainer, the verdict finding the inquisitions true, was against law, and unsupported by the evidence: *Cammack* vs *Macy,* (3 *Marshall,* 297;) *Sinclair* vs *Sanders,* (3 *J. J. Marshall,* 303.) The Court consequently erred in not granting a new trial on this ground. As for this error the judgment must be reversed, and as the plaintiff never can recover upon proof of a forcible entry merely, and as we cannot say, from any thing in this record, that he will, on another trial, offer any evidence of a forcible detainer. We deem it unnecessary either to inquire whether the jury would have been authorized, upon the evidence as contained in the bill of exceptions, to find the defendant guilty of a forcible entry, or to consider in detail, the instructions given and refused, all of which seem to relate exclusively to the question of a forcible entry upon the possession in fact, of the plaintiff, or rather to the question whether he had any such possession in fact, as would authorize him to maintain the writ for forcible entry.

As it is possible, however, that the question of forcible entry may hereafter arise as subsidiary to the question of forcible detainer, we will say that the line actually run by direction of the plaintiff, as the boundary of his purchase on the east, as it limited his claim so it limited his possession subsequently taken, though it did not absolutely limit his right under his purchase; that the subsequent discovery of the fact that in running this eastern boundary, he had mistaken the object

*One who purchases and has his lines run, takes possession only to the lines, though an error be made in not running the line far enough to include the quantity, and the discovery of the error does not ipso facto, extend the possession beyond where it was originally limited, without an actual entry.*

or line called for in his title bond, which being further east, included the land in contest, which lies between the two lines, and is covered by an older patent than his, did not, *ipso facto*, extend his *possession* over the line by which it was originally limited, but he must actually have entered upon it and taken possession of it to effect such extension; and unless such extension was thus effected before the entry of the defendant, she could not have been guilty of a forcible entry upon him; but he would have been guilty of a forcible entry upon the possession of the defendant or of those whom she succeeded, claiming under the elder patent which could have given him possession only to the extent of his actual enclosure.

And further, that such entry upon the land between the two lines, after the discovery of his mistake, would not give him possession beyond his actual close, if at the time of such entry, Taylor holding an undivided interest under the elder patent of Ash, &c., and claiming to the extent of its boundaries, was in possession by himself or tenants, of any tenement within the interference between that patent and the younger patent of Fowler, under which the defendant claims; unless before any possession was taken or held under the senior patent, possession was taken of the land in contest under the junior patent of Fowler, and has been held ever since, to the time of the entry of the defendant complained of; nor could he recover in this warrant, even for a forcible entry of the defendant on his possession, unless such entry was made within two years before the emanation of the warrant. The instructions given for the plaintiff were not altogether consistent with these propositions, and seem to be in some respects inconsistent with those given for the defendant, and being calculated to mislead the jury, may and probably did have an improper influence on the verdict.

Wherefore, the judgment is reversed and the cause remanded for a new trial in conformity with this opinion.

*Cates & Lindsey* for plaintiff.

In such case the purchaser cannot, without subsequent entry, maintain forcible entry, &c. against one who enters between the lines, nor would an entry after the discovery of such mistake between the lines, give possession beyond his actual close, if another claiming under an elder patent was in possession, claiming to the extent of the boundary of such patent.