Baird vs. Bell.

---

CASE 56   PETITION ORDINARY—MARCH 31.

## Baird vs. Bell.

APPEAL FROM HARRISON CIRCUIT COURT.

A vendee, under a deed defining the boundaries of the land, took possession in 1837, intending to hold all that had been conveyed, but, through mistake as to his eastern corner and line, he left out a slip of 47 acres, a fraction of which slip had been occupied since 1834, under an adversary claimant; but there had been no adverse possession, actual or constructive, of any the residue, until eight years before the vendee sued. *Held*—That he was entitled to recover the 47 acres, except the fraction so occupied since 1834. (2 *B. Mon.*, 306.)

W. W. TRIMBLE, for appellant, cited 2 *B. M.*, 306 ; 1 *Marsh.*, 251 ; 2 *Litt.*, 160 ; 3 *Litt.*, 36.

A. H. WARD for appellee.

Baird vs. Bell.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

This is an action of ejectment, depending for its legal result mainly on the question of prior and constructively continued possession.

John Bell, the plaintiff in the action, and appellee here, in July, 1836, purchased from Thomas Rollins 300 acres of land, by a conveyance describing the boundary by specific courses, distances, and corners, precisely corresponding with those by which Thomas J. Chilton had, in 1796, conveyed the same land to Rollins.

In July, 1837, Bell settled on the land, and has resided on it ever since. About the time of his entry he explored a portion of the lines, and, through inadvertence or mistake, assumed as his last corner, one so far short of the true one as, by running to the beginning nearly north, this line would leave out, east of it, a slip of about 47 acres included by the boundaries of the deeds to his vendor and to himself, and necessary to make the quantity conveyed by those deeds.

At that time the defendant Baird, now appellant, resided on a tract which did not interfere with that slip; but, about eight years before the commencement of this suit, he inclosed about ten acres of it. He also claims, under Jones, a portion of the slip occupied since the year 1834, adversely to the appellee.

To recover the entire slip was the object of this suit; and the verdict and judgment gave to the appellee that portion of it which had never been occupied by or under Jones. Whether that judgment is right, is the question now to be decided by this court.

That the appellee settled on his tract of 300 acres, intending to hold all that had been conveyed to him by Rollins, there is no reason to doubt. Nor can there be any doubt, that, until the appellant's inclosure of about ten acres, no portion of the appellee's 300 acres, except the fraction occupied under Jones's claim, had been in the possession, actual or constructive, of any adverse claimant.

Then, although the appellant was long ignorant of his precise eastern line, yet, as he intended to hold to it wherever it was, he was constructively in the actual possession of the

whole of the land conveyed to him by Rollins, except the small fraction possessed adversely by and under Jones. This case is essentially different from that of *Hoskins vs. Cox*, 2 *B. Mon.*, 306, in which this court decided that a claimant entering, as in this case, on his land under a mistake as to his eastern line, which extended further than he thought it did, should not be deemed to have been in the constructive possession beyond his assumed boundary, because that pretermitted portion of his land was in the possession of an elder claimant, who could not be constructively evicted, even had the junior claimant known his own boundary as it really was.

Here there was no such adverse possession of any of the land recovered by the appellee, whose possession, with that exception, was constructively coextensive with his title, even though he did not know the true boundary. Consequently the appellant's intrusion on that possession by an inclosure of about ten acres was wrongful, and the appellee has a legal right to restitution. The judgment is therefore right, unless there was available error in some incidental decision by the circuit court. But we perceive no such error.

At the instance of the appellee, the court instructed the jury that if his deed covered the land in contest, and that, when he entered, neither the appellee nor any other person under whom he holds was in adverse possession, they should find just as they did find. And this was conformable with the principle we have just recognized and briefly defined. And, as all the appellant's instructions, except one, were inconsistent with that principle, there was, consequently, no error in rejecting them.

The excepted instruction relied on an outstanding patent in a stranger. But there was no proof, by survey or otherwise, that this patent (Morton's) covered any of the land conveyed to the appellee. One witness testified that he, without stating why, considered a certain line Morton's line; and another that it had been called Morton's; and this was all. This surely did not identify Morton's boundary, nor show that it, when properly identified, would conflict with the appellee's deed; and, therefore, had not the court excluded it from the consid-

eration of the jury, a verdict upon it against the appellee would have been unauthorized. There was, therefore, in that exclusion, no error to the appellant's prejudice.

Wherefore, the judgment of the circuit court is affirmed.